IN THE UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF MISSOURI
                              WESTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    Criminal Action No.
                                )    13-00332-01-CR-W-DGK
BILLY G. KELLER,                )
                                )
          Defendant.            )

## REPORT AND RECOMMENDATION

On September 9, 2013, counsel for defendant filed a motion pursuant to 18 U.S.C. § 4241 for a judicial determination of defendant's mental competency (document number 8). Defendant was examined by Elizabeth Tyner, Ph.D., a clinical psychologist, who prepared a report dated November 27, 2013, which was forwarded to me by the Warden on December 2, 2013. The doctor's report includes the following:

> He appears to experience cognitive deficits that impact his competency-related abilities. Without further neuro-psychological testing, the nature or extent of those deficits is not currently known. A comprehensive neuropsychological evaluation could shed light on his problems and the extent that poor effort plays into those problems. He endorses psychosis and depression and is compliant with his psychiatric medication. Perhaps . . . having a lengthier time of clinical observation and obtaining additional mental health records from Fulton State Hospital, the Social Security Disability Administration, Swope Medical Center, or the facility in St. Joe, Missouri, could also shed light onto the veracity of his complaints of psychosis. It is my opinion that he requires more education about the legal process. If his intellectual functioning is truly as poor as he presents, than [sic] his prognosis regarding likelihood of being restored to a satisfactory level of competency is guarded. However, individuals with deficits in intellectual functioning have been shown to be restored to competency. Furthermore, it is not likely based upon psychological testing, that his deficits are as poor as he portrayed them to be during the present evaluation. I recommend he be committed to undergo competency restoration

treatment under the provisions of Title 18, U.S. Code, Section 4241(d).

On December 30, 2013, I held a competency hearing. Defendant was present, represented by Assistant Federal Public Defender Anita Burns. The government was represented by Assistant United States Attorney Christina Tabor. During the hearing, both parties stipulated to Dr. Tyner's report (Tr. at 2). Neither party presented any additional evidence. In addition, the parties waived the ten-day objection period to the Report and Recommendation (Tr. at 3).

Based upon the uncontroverted evidence stipulated to by the parties in this case, I find that defendant is not competent to proceed at this time. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding defendant incompetent to proceed. It is further

RECOMMENDED that the court commit defendant to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d).

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 7, 2014